UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOVEIDA QUINTERO and CARLOS QUINTERO,  Plaintiffs,  v.  WELLS FARGO BANK, N.A. and HSBC BANK USA, N.A., as trustee for WFASC HOME EQUITY ASSET-BACKED CERTIFICATES, SERIES 2007-1,  Defendants. | Case No. 1:10-cv-10308-EFH |

## ANSWER AND COUNTERCLAIMS OF WELLS FARGO BANK, N.A. AND HSBC BANK USA, N.A., AS TRUSTEE FOR WFASC HOME EQUITY ASSET-BACKED CERTIFICATES, SERIES 2007-1

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A., as trustee for WFASC Home Equity Asset-Backed Certificates, Series 2007-1 (the "Trust", and together with Wells Fargo, "Defendants") hereby respond to the Complaint For Declartaory and Injunctive Releif, Damages And Jury Demand (the "Complaint") of Plaintiffs, Soveida Quintero and Carlos Quintero ("Plaintiffs") by denying each every allegation not specifically admitted herein, asserting Counterclaims as set forth herein, and further states:

The "Introduction" section of Plaintiffs' complaint contains introductory statements and legal conclusions to which no response is required. To the extent that a response is required, Defendants refer to the applicable loan documents and state that such documents speak for themselves. Defendants deny all allegations inconsistent therewith.

1.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1.

2.      Defendants deny the allegations in paragraph 2, except to admit that Wells Fargo is a national banking association that has conducted business, including consumer lending and related transactions, in Massachusetts.

3.      Defendants deny the allegations in paragraph 3, except to admit that HSBC Bank USA, N.A., is a party in this case in its capacity as trustee for WFASC Home Equity Asset-Backed Certificates, Series 2007-1, and further that the Trust is the current owner of Plaintiffs' mortgage loan.

4.      Defendants deny the allegations in paragraph 4 to the extent they call for a legal conclusion, deny the factual allegations in paragraph 4, except to admit that Wells Fargo is a national banking association that has conducted business, including consumer lending and related transactions, in Massachusetts, and refers the Court to the loan documentation for a description of Wells Fargo's role in the transaction with Plaintiffs.

5.      Defendants deny the allegations in paragraph 5 to the extent they call for a legal conclusion, deny the factual allegations in paragraph 5, except to admit that the Trust is the current owner of Plaintiffs' mortgage loan, and refers the Court to the loan documentation for a description of the Trust's role in the transaction with Plaintiffs.

6.      Defendants deny the allegations in paragraph 6 to the extent they call for a legal conclusion, refers the Court to any statute referred to in this paragraph, which statute speaks for itself.

7.     Defendants deny the allegations in paragraph 7 to the extent they call for a legal conclusion and refers the Court to any statute referred to in this paragraph, which statute speaks for itself.

8.     Defendants deny the allegations in paragraph 8 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 8.

9.     Defendants deny the allegations in paragraph 9 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph,, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 9.

10.     Defendants deny the allegations in paragraph 10 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 10.

11.     Defendants deny the allegations in paragraph 11 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 11.

12.     Defendants deny the allegations in paragraph 12 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 12.

13.    Defendants deny the allegations in paragraph 13 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 13.

14.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 14.

15.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 15.

16.    Defendants deny the allegations in paragraph 16 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 16.

17.    Defendants deny the allegations in paragraph 17 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the factual allegations of paragraph 17.

18.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18.

19.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19.

20.    Defendants deny the allegations in paragraph 20 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph,

which documents speak for themselves, and otherwise lack sufficient knowledge or information
to form a belief as to the truth or falsity of the factual allegations of paragraph 20.

21.     Defendants deny the allegations in paragraph 21 to the extent they call for a
legal conclusion, refer the Court to documentation for the loan identified in this paragraph,
which documents speak for themselves, and otherwise lack sufficient knowledge or information
to form a belief as to the truth or falsity of the factual allegations of paragraph 21.

22.     Defendants deny the allegations in paragraph 22 to the extent they call for a
legal conclusion, refer the Court to documentation for the loan identified in this paragraph,
which documents speak for themselves, and otherwise lack sufficient knowledge or information
to form a belief as to the truth or falsity of the factual allegations of paragraph 22.

23.     Defendants lack sufficient knowledge or information to form a belief as to the
truth or falsity of the allegations of paragraph 23.

24.     Defendants deny the allegations in paragraph 24 to the extent they call for a
legal conclusion, refer the Court to letter identified in this paragraph, which document speaks
for itself, and otherwise lack sufficient knowledge or information to form a belief as to the
truth or falsity of the factual allegations of paragraph 24.

25.     Defendants lack sufficient knowledge or information to form a belief as to the
truth or falsity of the allegations of paragraph 25.

26.     Defendants lack sufficient knowledge or information to form a belief as to the
truth or falsity of the allegations of paragraph 26.

27.     Defendants deny the allegations in paragraph 27 to the extent they call for a
legal conclusion and deny any factual allegations, except to admit that Plaintiffs and Mortgage
Services have communicated regarding the mortgage loan at issue in this matter but deny that

that the allegations set forth in this paragraph are a complete and/or accurate description of the substance and contents of those communications.

28.    Defendants deny the allegations in paragraph 28 to the extent they call for a legal conclusion and deny any factual allegations, except to admit that Plaintiffs and Mortgage Services have communicated regarding the mortgage loan at issue in this matter but deny that that the allegations set forth in this paragraph are a complete and/or accurate description of the substance and contents of those communications.

29.    Defendants deny the allegations in paragraph 29 to the extent they call for a legal conclusion and deny any factual allegations.

## COUNT I – VIOLATION OF G.L. CH. 93A

30.    Defendants reassert and reallege their responses to paragraphs 1 through 29 as if fully set forth herein.

31.    Defendants deny the allegations in paragraph 31 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 31.

32.    Defendants deny the allegations in paragraph 32 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 32.

33.    Defendants deny the allegations in paragraph 33 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph,

which documents speak for themselves, and otherwise deny the factual allegations of paragraph 33.

34.     Defendants deny the allegations in paragraph 34 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 34.

35.     Defendants deny the allegations in paragraph 35 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 35.

36.     Defendants deny the allegations in paragraph 36 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 36.

37.     Defendants deny the allegations in paragraph 37 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 37.

38.     Defendants deny the allegations in paragraph 38 to the extent they call for a legal conclusion, refer the Court to documentation for the loan identified in this paragraph, which documents speak for themselves, and otherwise deny the factual allegations of paragraph 38.

## COUNT II – FRAUD

39.     Defendants reassert and reallege their responses to paragraphs 1 through 38 as if fully set forth herein.

40.     Defendants deny the allegations in paragraph 40 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 40.

## COUNT III – NEGLIGENT MISREPRESENTATION

41.     Defendants reassert and reallege their responses to paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants deny the allegations in paragraph 42 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 42.

43.     Defendants deny the allegations in paragraph 43 to the extent they call for a legal conclusion, and otherwise lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43.

44.     Defendants deny the allegations in paragraph 44 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 44.

## COUNT IV – UNCONSCIONABILITY

45.     Defendants reassert and reallege their responses to paragraphs 1 through 44 as if fully set forth herein.

46.     Defendants deny the allegations in paragraph 46 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 46.

47.     Defendants deny the allegations in paragraph 47 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 47.

48.     Defendants deny the allegations in paragraph 48 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 48.

49.     Defendants deny the allegations in paragraph 49 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 49.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     Defendants reassert and reallege their responses to paragraphs 1 through 49 as if fully set forth herein.

51.     Defendants deny the allegations in paragraph 51 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 51.

52.     Defendants deny the allegations in paragraph 52 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 52.

## COUNT VI – BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

53.     Defendants reassert and reallege their responses to paragraphs 1 through 52 as if fully set forth herein.

54.     Defendants deny the allegations in paragraph 54 to the extent they call for a legal conclusion, and otherwise deny the factual allegations of paragraph 54.

55.     Defendants deny that Plaintiffs are entitled to any relief set forth in their Complaint.

56.     Defendants deny that Plaintiffs are entitled to any relief set forth in their Complaint.

57.   Denies any allegations throughout the complaint set forth under the paragraphs commencing "WHEREFORE," including all subparagraphs and further denies that Plaintiffs are entitled to any relief there under.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiffs fail to state a claim upon which relief may be granted.

### *SECOND AFFIRMATIVE DEFENSE*

To the extent that Plaintiffs have suffered any damages, such damages were not proximately caused by Defendants.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiffs failed to mitigation their damages

### *FOURTH AFFIRMATIVE DEFENSE*

Defendants assert a defense of set off.  To the extent Plaintiffs recover any monetary award in this action, such amount should be set off against the amount owed under the first priority mortgage loan.

### *FIFTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred by the doctrine of unclean hands or *in pari delicto*.

### *SIXTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred because all required loan disclosures were made.

### *SEVENTH AFFIRMATIVE DEFENSE*

Certain of Plaintiffs' claims are barred because they are not the proper party(ies) to a particular claim.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are comparatively or contributorily at fault for their damages, if any.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have suffered any damages, such damages were caused by a third party or by Plaintiffs themselves.

### ELEVENTH AFFIRMATIVE DEFENSE

The servicer of Plaintiffs' loan cannot be liable for the claims asserted by Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to perform their contractual obligations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover because there has been a failure of consideration.

### FIFTEENTH AFFIRMATIVE DEFENSE

There is no private right of action under the Home Affordable Modification Program (HAMP), and therefore Plaintiffs cannot recover based upon allegations of a "failure to modify" the terms of the loan at issue.

*SIXTEENTH AFFIRMATIVE DEFENSE*

Plaintiffs have failed to plead their cause of action for fraud with particularity as required by Rule 9(b)

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Defendants pray that the Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.

**DEFENDANTS CLAIM A JURY TRIAL.**

## COUNTERCLAIM OF WELLS FARGO BANK N.A. AND US BANK N.A.

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A., as trustee for WFASC Home Equity Asset-Backed Certificates, Series 2007-1 (the "Trust", and together with Wells Fargo, "Defendants") assert counterclaims against Plaintiffs, Soveida Quintero and Carlos Quintero ("Plaintiffs") as follows:

1.     On or about January 26, 2007, Plaintiffs obtained a mortgage loan in the amount of $448,000 from Wells Fargo to refinance an already existing mortgage loan on the their home located at 49-51 Hillside Street, Roxbury, Massachusetts (the "Property").

2.     Plaintiffs' loan was secured by a mortgage on the Property (the "Mortgage").

3.     With respect to the Mortgage, Plaintiffs provided Wells Fargo and/or their agents and employees with certain financial and income information as part of the application process.

4.     With respect to the Mortgage, Plaintiffs completed a loan application, which provided certain personal and/or financial information.   Plaintiffs represented all financial information to be true and accurate.

5.      Wells Fargo approved financing based upon the financial information submitted by Plaintiffs, which Plaintiffs represented to be true and accurate.

6.      After financing the Mortgage, Wells Fargo transferred the Mortgage to the Trust.

7.      The Trust is the current owner of the Mortgage.

8.      At all relevant times, Wells Fargo has acted as the servicer of the Mortgage for the Trust.

9.      Under the terms of the Mortgage and related loan agreements, Plaintiffs are obligated to make monthly payments until the loan is repaid in full.

10.      Plaintiffs have failed and refused to make monthly payments, in whole or in part, to Defendants as required under the terms of the Mortgage.

11.      Plaintiffs have defaulted under the terms of the Mortgage.

12.      On or about January 26, 2010, Plaintiffs initiated a civil action seeking declaratory relief and damages against Defendants arising out of the Mortgage transaction.

## Counterclaim Count I
### (Breach of Contract against Plaintiffs)

13.      Defendants reassert and reallege their responses to all preceding paragraphs by reference as if fully set forth herein.

14.      Under the terms of the Mortgage and related loan agreements, Plaintiffs are obligated to make monthly payments until the loan is repaid in full.

15.      Wells Fargo is the current servicer of the Mortgage.

16.      The Trust is the current holder of the Mortgage.

17.     Plaintiffs have failed and refused to make monthly payments, in whole of in part, to Defendants as required under the terms of the Mortgage.

18.     Plaintiffs have been in default under the terms of the Mortgage since March 2009.

19.     Plaintiffs have failed or refused to cure the default of the Mortgage.

20.     At present, there is a substantial outstanding balance due and owing under the terms of the Mortgage.

21.     Plaintiffs' failure to repay the loan and constitutes a breach of the Mortgage contract.

22.     Plaintiffs' breach of the Mortgage contract has directly and proximately caused damage to Defendants, including but not limited to, direct damages, consequential damages, incidental and special damages.

23.     Plaintiffs are liable for damages that it has directly and proximately caused to Defendants.

Wherefore, Defendants are entitled to judgment against Plaintiffs for the amount due and owing, costs, late fees, interest, and reasonable attorneys' fees.

### Counterclaim Count II
### (Unjust Enrichment against Plaintiffs)

24.     Defendants reassert and reallege their responses to all preceding paragraphs by reference as if fully set forth herein.

25.     Plaintiffs have received benefit under the terms of the Mortgage, including but not limited to money lent and advanced for the purchase of the Property.

26.    Plaintiffs have failed or refused to repay Defendants for the benefit that they have received, and continue to receive, under the Mortgage.

27.    As a direct and proximate result of Plaintiffs' wrongful refusal to compensate Defendants for the benefit that they have received, and continue to receive, under the Mortgage, Defendants have been, and continue to be, harmed.

28.    Plaintiffs are liable for damages that they have directly and proximately caused to Defendants.

**WHEREFORE**, Defendants are entitled to judgment against Plaintiffs for the amount due and owing, costs, late fees, interest, and reasonable attorneys' fees.

**DEFENDANTS CLAIM A JURY TRIAL.**

Respectfully submitted,
Wells Fargo Bank, N.A. and HSBC Bank USA,
N.A., as trustee for WFASC Home Equity Asset-
Backed Certificates, Series 2007-1,
by their attorneys,


*/s/ Sean R. Higgins*
Jeffrey S. Patterson (BBO# 671383)
jeffrey.patterson@nelsonmullins.com
Sean R. Higgins (BBO# 659105)
sean.higgins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Boston Place
Boston, Massachusetts 02108
p.  (617) 573-4700
f.  (617) 573-4710

Dated: March 5, 2010

## CERTIFICATE OF SERVICE

I, Sean R. Higgins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: March 5, 2010                    */s/ Sean R. Higgins*